IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANA AVILA, on behalf of herself and all the other plaintiffs similarly situated, *Plaintiffs*, <br><br> v. <br><br> JDD INVESTMENT COMPANY, d/b/a McDonald's, <br><br> *Defendant*. | Case No.: <br><br><br><br><br><br><br> JURY TRIAL DEMANDED |

## CLASS AND COLLECTIVE ACTION COMPLAINT

NOW COMES the Plaintiff Ana Avila ("Ana" or "Plaintiff") on behalf of herself and all other plaintiffs similarly situated, by and through her attorneys, and for her Class and Collective Action Complaint against Defendant JDD Investment Company d/b/a McDonald's ("JDD" or "Defendant"), states as follows:

## NATURE OF THE ACTION

1. This is an action brought by the above-named Plaintiff and others similarly situated for a class and collective action claim for overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") pursuant to 29 U.S.C. § 216(b) and under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq.* Furthermore, Plaintiff also brings action under The Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*

2. Plaintiff also brings action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, as amended and the Illinois Human Rights Act, 775 ILCS 5/2 *et seq.* ("IHRA"), for seeking relief for Defendant's unlawful employment practices against

Plaintiff, including discrimination based on ancestry, leading to her constructive discharge, and for retaliation in violation of Title VII and the IHRA.

3. While employed by Defendant, Plaintiff was subject to unlawful employment practices on the basis of her ancestry. Plaintiff was also forced to endure a hostile work environment. She was harassed by her supervisor. Defendant took no action after Plaintiff protested the discrimination or hostile work environment. In fact, after reporting, the discrimination did not cease, nor did the work environment improve. On the contrary, things escalated, the manager who Plaintiff complained about began threatening and intimidating her, and Plaintiff was afraid for her safety and afraid to come into work, ultimately leading to her constructive discharge.

## PARTIES

1. Plaintiff is a resident of Cook County, Illinois. Plaintiff is of Mexican ancestry.

2. At all relevant times hereto, Plaintiff was an "employee" of JDD as that term is defined in 42 U.S.C. § 2000(e)(f), 29 U.S.C. § 203(e)(1), and 820 ILCS 105/3(d).

3. At all relevant times hereto JDD was the "employer" of Plaintiff as defined in 2000(e)(b), 29 U.S.C. § 203(d), and 820 ILCS 105/3(c).

4. JDD is a corporation doing business in the State of Illinois and is either registered or incorporated under the laws of the State of Illinois.

5. During the relevant time period, JDD had at least 15 employees, thereby qualifying it as a covered entity under Title VII.

6. All actions relevant to this Complaint took place in the Northern District of Illinois.

## JURISDICTION AND VENUE

7. Subject matter jurisdiction is conferred and invoked on this Court pursuant to 28 U.S.C. §§ 1331, 1367, and 1343 and 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 216(b).

8. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant is located in this District and all of the alleged unlawful employment practices giving rise to this Complaint occurred within this District.

## ADMINISTRATIVE EXHAUSTION

10. Plaintiff has exhausted all mandatory pre-complaint procedures required by law.

11. Plaintiff dual-filed a claim with the Illinois Department of Human Rights ("IDHR") and the U.S. Equal Employment Opportunity Commission ("EEOC"). More specifically, Plaintiff cross-filed EEOC charge number 21B-202000564C and IDHR charge number 2020CF1331.

12. Plaintiff's IDHR and EEOC charge was filed within 300 days after the alleged unlawful employment practices occurred.

13. On February 19, 2021, Plaintiff received a letter from the Illinois Department of Human Rights notifying Plaintiff of her right to commence a civil action against Defendant in an appropriate court of competent jurisdiction within 90 days of the expiration date, a copy of which is attached hereto as Exhibit 1.

14. Plaintiff files this Complaint under the IHRA within 90 days of the expiration date noted in the IDHR Notice.

15. On or about April 8, 2021, Plaintiff requested that the EEOC issue a right of notice to commence civil action and is currently waiting on this.

## FACTUAL ALLEGATIONS

16. Ana began working for Defendant around December 2018 as a crew member.

17. Plaintiff worked at two of Defendant's McDonald's locations: 2315 West Ogden, Chicago, Illinois 60608 and 4334 West 26th Street, Chicago, IL 60623.

18. Around August 2019, at the 2315 West Ogden location, Ana began reporting to Donald Travis.

19. Donald Travis is African American.

20. Throughout her employment, Ana met Defendant's expectations.

21. Plaintiff was treated less favorably than employees of non-Mexican ancestry by her manager Donald.

22. This less favorable treatment included, but was not limited to the following:

   a. receiving a heavier workload;

   b. being talked down to;

   c. being addressed in an aggressive manner;

   d. having objects thrown at her, and

   e. being yelled at for no reason.

23. Plaintiff believed that Donald was under the influence of drugs while at work and would generally act aggressively toward Plaintiff and other employees of Mexican ancestry.

**Plaintiff Complains of Discrimination**

24. On or about January 7, 2020, Plaintiff and several employees of Mexican ancestry raised concerns with supervisors Sandy and Carolina about Donald's conduct, including him being at work under the influence.

**Plaintiff Experiences Retaliation**

25. Defendant failed to take any remedial or corrective action and things escalated.

26. Upon hearing about complaints made about him, Donald threatened Plaintiff and the other employees who had complained by telling them that he was in a gang; had been to prison; and that there was nothing that could be done to him.

27. Plaintiff became extremely afraid for her safety.

28. In addition, Donald began to scrutinize Plaintiff's work.

29. To scrutinize her work and intimidate her, Donald began video recording Plaintiff without her consent and taking pictures of her while she worked, following her around the facility.

30. After learning about Plaintiff's complaints about Donald, some non-Mexican employees began giving Plaintiff the silent treatment and calling her names.

31. Due to Plaintiff's complaints, around January 9, 2020, she was notified by Respondent that she was being transferred to another location because Plaintiff and Donald were not getting along.

32. On or around January 9, 2020, as Plaintiff was clocking out, Donald pulled out a razor blade to scare her for making complaints against him.

33. Plaintiff left and got into the car with her colleague with who she carpools.

34. Donald also got into his car and began riding really close next to them as if he were trying to run them off the road.

35. Ana was terrified that she would be physically harmed by Donald and contacted the Chicago Police Department, and a police report was made, a copy of which is attached hereto as Exhibit 2.

36. Due to Ana's growing concerns for her safety, and as a result of the ongoing discrimination, harassment, and hostile work environment and Defendant's failure to take any remedial action, Ana had no other choice but to resign her position.

37. The other employees Mexican employees who complained also resigned JDD because they were also concerned for their safety and because JDD took no remedial action.

38. Ana has been harmed by Defendant's illegal conduct.

**Overtime Allegations**

39. Ana also brings claims for overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* and under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*

40. The Defendant is an enterprise engaged in commerce or in the production of goods for commerce within 203(s)(1)(A) of the FLSA.

41. During the last three years, the Defendant's annual gross volume of sales made, or business done has exceeded $500,000, exclusive of excise tax.

42. Ana worked for Defendant within the past three years.

43. Ana performed her job responsibilities for Defendant in the State of Illinois.

44. Defendant employed Ana at two of its locations.

45. Ana regularly worked around 45-50 hours per week.

46. Defendant did not pay Ana proper overtime wages of one and one-half time her regular rate of pay for all hours worked above forty hours in a workweek.

47. Defendant paid Ana straight time for hours worked in excess of 40 hours.

48. Other similarly situated employees have been employed by Defendant and have not been paid the required overtime wages of one-half times their regular rate of pay.

49. The named Plaintiff, and similarly situated employees, were not exempt from the overtime provisions of the FLSA.

**Class and Collective Action Allegations**

50. Plaintiff seeks to maintain this suit as a collective action pursuant to 29 U.S.C. §216(b) and as a Class pursuant to Fed. R. Civ. Pro. 23 on behalf of herself and all other non-exempt employees who worked overtime and were not fully compensated for overtime hours because they were not paid one and one-half times their regular rate of pay.

51. Plaintiff and other similarly situated current and former employees in the asserted class were subject to Defendant's policies and regularly worked over 40 hours per week but were not fully paid their overtime hours at one and one-half their regular rate of pay.

52. Plaintiff and asserted members of the Collective and Class are similarly situated because, *inter alia*, they were all were not paid the required overtime rate of one-half their regular rate of pay for all work in excess of 40 hours per week and/or were not properly compensated due to Defendant's policies and had such rights undermined and neglected by Defendant's unlawful practices and policies.

53. Defendant has encouraged, permitted, and required the Class and Collective to work without required overtime compensation of one and one-half times the regular rate of pay.

54. Defendant has known that Plaintiff and other members of the Class and Collective have been deprived of required overtime compensation. Nonetheless, Defendant has operated under a scheme to deny Plaintiff and the Class and Collective the required compensation of one and one-half time their regular rate for all work in excess of 40 hours.

55. Defendant's conduct, as alleged herein, was willful and has caused significant damage to Plaintiff and other members of the Class and Collective.

56. There are estimated to be over 20 current and former employees within the asserted Class for this collective action during the material time who are similarly situated to Plaintiff. With such numbers of similar claims for unpaid compensation, a collective action is a superior procedure for adjudicating such claims. Plaintiff requests that the Court authorize and supervise notice to the members of the asserted classes so that all claims may be resolved efficiently in a single proceeding.

57. The records, if any, should be in the custody or control of Defendant concerning the members of the asserted collective, the number of hours actually worked by Plaintiff and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

58. Plaintiff will fairly and adequately protect the interests of each proposed class member and has retained counsel that is experienced in class/collective actions and employment litigation. Plaintiff has no interest that is contrary to, or in conflict with, members of the collective

## COUNT I
## ANCESTRY DISCRIMINATION - TITLE VII
(Plaintiff Individually)

59. Plaintiff re-alleges and incorporates Paragraphs 1 through 58 by reference as if re-pled herein in Count I.

60. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her Mexican ancestry.

61. JDD is prohibited under Title VII from discriminating against Plaintiff because of her ancestry with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

62. JDD violated Title VII by discriminating against Plaintiff based on her ancestry.

8

63. JDD acted intentionally and with reckless indifference to Plaintiff's rights under Title VII.

64. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain, and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

65. JDD's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant as follows:

A. Enter a judgment in her favor against Defendant for lost pay and benefits;

B. Compensatory damages;

C. Punitive damages;

D. Attorney's fees and costs; and

E. Such other relief as this Court deems just and equitable.

## COUNT II
## RETALIATION - TITLE VII
(Plaintiff Individually)

66. Plaintiff re-alleges and incorporates Paragraphs 1 through 65 by reference as if re-pled herein in Count II.

67. JDD retaliated against Plaintiff for engaging in activity protected by Title VII subjecting her to different and less favorable terms and conditions of employment and forcing her to resign because she complained in good faith about unlawful discrimination.

68. JDD acted intentionally and with reckless indifference to Plaintiff's rights under Title VII.

69. As a result of JDD's actions, Plaintiff has suffered income, loss of benefits, endured emotional pain and suffering, and incurred attorney's fees and expenses.

    **WHEREFORE**, Plaintiff prays for a judgment against Defendant as follows:

    A. Enter a judgment in her favor against Defendant for lost pay and benefits;

    B. Compensatory damages;

    C. Punitive damages;

    D. Attorney's fees and costs; and

    E. Such other relief as this Court deems just and equitable.

## COUNT III
## ANCESTRY DISCRIMINATION – ILLINOIS HUMAN RIGHTS ACT
(Plaintiff Individually)

70. Plaintiff re-alleges and incorporates Paragraphs 1 through 69 by reference as if re-pled herein in Count III.

71. JDD discriminated against Plaintiff on the basis of her ancestry, Mexican, by subjecting her to different and less favorable terms and conditions of employment and forcing her to resign because of her ancestry in violation of the IHRA.

72. As a result of JDD's actions, Plaintiff has suffered loss of income, loss of benefits, endured emotional pain and suffering, and incurred attorney's fees and expenses.

    **WHEREFORE**, Plaintiff prays for a judgment against Defendant as follows:

    A. Enter a judgment in his favor against JDD for lost pay and benefits;

    B. Compensatory damages;

    C. Punitive damages;

    D. Attorney's fees and costs; and

    E. Such other relief as this Court deems just and equitable.

**COUNT IV**
**RETALIATION – ILLINOIS HUMAN RIGHTS ACT**
(Plaintiff Individually)

73. Plaintiff realleges and incorporates Paragraphs 1 through 72 by reference as if re-pled herein in Count IV.

74. Defendant retaliated against Plaintiff for complaining in good faith about ancestry discrimination by subjecting her to different and less favorable terms and conditions of employment, and by forcing her to resign, because she complained about unlawful discrimination, in violation of the IHRA.

75. As a result of Defendant's actions, Plaintiff has suffered loss of income, loss of benefits, endured emotional pain and suffering, and incurred attorney's fees and expenses.

    **WHEREFORE**, Plaintiff prays for a judgment against Defendant as follows:

    A. Enter a judgment in his favor against JDD for lost pay and benefits;

    B. Compensatory damages;

    C. Punitive damages;

    D. Attorney's fees and costs; and

    E. Such other relief as this Court deems just and equitable.

**COUNT V**
**CONSTRUCTIVE DISCHARGE**
(Plaintiff Individually)

76. Plaintiff realleges and incorporates Paragraphs 1 through 75 by reference as if re-pled herein in Count V.

77. Defendant deliberately created intolerable working conditions as it failed to provide a work environment free from discrimination, harassment, and hostility.

78. By Defendant's conduct, including but not limited to that described above, Plaintiff was treated differently and less favorably than similarly situated non-Mexican employees during the course of her employment with Defendant.

79. By its conduct, including but not limited to that described above, Defendant acted with malice or reckless disregard for Plaintiff's protected rights under Title VII and the IHRA.

80. Defendant's actions were done with the intent to drive Plaintiff to resign as Defendant was repeatedly on notice of Plaintiff's complaints and failed to take remedial action.

81. Defendant's deliberate actions forced Plaintiff to resign her position.

82. Defendant through its agents and employees and by the actions/omissions constructively discharged Plaintiff based upon her Mexican ancestry, violating Title VII and the IHRA.

83. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered and continues to suffer substantial losses in wages and benefits, other past and future pecuniary losses, great emotional distress, mental anguish, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant as follows:

A. Declaration that Defendant violated Plaintiff's rights under Title VII and the IHRA;

B. An award of all salary, wages, and benefits including but not limited to back pay, front pay, past and future pecuniary losses, and prejudgment interest;

C. An award of compensatory damages in an amount to be determined at trial;

D. Judgment for punitive damages in an amount to be determined at trial;

E. An award of costs of this action and reasonable Attorney's fees; and

F. Grant such other relief as is just and proper in the circumstances.

## COUNT VI
## VIOLATION OF THE FAIR STANDARDS ACT
(Plaintiff Individually and on Behalf of All
Similarly Situated Employees Pursuant to 29 U.S.C. §216)

84. Plaintiff re-alleges and incorporates Paragraphs 1 through 83 by reference as if re-pled herein in Count VI.

85. Under the FLSA, Plaintiff members of the Class and the Collective were entitled to be paid at the overtime rate by Defendant for each hour worked in excess of 40 hours each workweek at one and one-half times their regular rate of pay.

86. The overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate, which includes all non-discretionary compensation paid to employees.

87. Plaintiff was not exempt from the overtime provisions of the FLSA.

88. Plaintiff was directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks in the last three years.

89. Plaintiff generally worked around 45 to 50 hours per week.

90. Defendant paid Plaintiff straight time for hours worked in excess of 40 and did not pay overtime compensation for all hours worked over 40 in an individual workweek.

91. Defendant failed to compensate Plaintiff and the Class and Collective at the overtime rate for all work performed in excess of 40 hours per week in violation of the FLSA.

92. Defendant violated the FLSA by failing to pay overtime to Plaintiff and others similarly situated at one and a half times his regular rate of pay when she worked over 40 hours in one or more individual workweeks.

93. Defendant's failure to pay Plaintiff and the Class and Collective one and-one-half times their regular rates for all time worked over 40 hours in a workweek was willful.

94. Upon information and belief, Defendant's practices were not based upon Defendant's review of any policy or publication of the United States Department of Labor and therefore was willful and deliberate.

95. Due to Defendant's violations of the FLSA, the Plaintiff and Class and the Collective is entitled to recover from Defendant their unpaid compensation, liquidated damages, reasonable attorney's fees, and the costs of this action, pursuant to 29 U.S.C.§216(b).

**WHEREFORE**, Plaintiff prays for a judgment against Defendant as follows:

A. Enter a judgment in his favor against Defendant for lost pay and benefits;

B. An equal amount in liquidated damages;

C. Attorney's fees and costs; and

D. Such other relief as this Court deems just and equitable.

## COUNT VII
## ILLINOIS MINIMUM WAGE LAW
(Plaintiff Individually and on Behalf of All Similarly Situated Employees Pursuant to Fed R. Civ. Pro. 23)

96. Plaintiff re-alleges and incorporates Paragraphs 1 through 95 by reference as if re-pled herein in Count VII.

97. This Count arises from Defendant's violations of the overtime compensation provisions of the IMWL, 820 ILCS § 105/1 *et. seq.*

98. Under the IMWL, Defendant was and remains obligated to compensate Plaintiff, and similarly situated employees, for all hours worked in excess of 40 hours in any individual workweek. Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay.

99. Plaintiff was regularly permitted, encouraged, and/or required to work in excess of 40

hours per week but was not compensated at the required one and one-half times her regular rate for such overtime work.

100. By failing to pay overtime compensation due to Plaintiff, Defendant willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation of one and one-half times the regular rate to be paid.

101. As a result of Defendant's policy and practices, Plaintiff and similarly situated employees have been damaged in that they have not received wages due to them pursuant to the IMWL.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant as follows:

A. Enter a judgment in her favor against Defendant for lost pay and benefits;

B. An additional penalty in the amount allowed under the IMWL;

C. Attorney's fees and costs; and

D. Such other relief as this Court deems just and equitable.

## COUNT VIII
## VIOLATION OF THE BIOMETRIC INFORMATION PRIVACY ACT

102. Plaintiff re-alleges and incorporates Paragraphs 1 through 101 by reference as if re-pled herein in Count VIII.

103. Defendant is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

104. Plaintiff's fingerprints qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

105. Defendant collected "biometric information" from Plaintiff through its acquisition of personal identifying information based on Plaintiff's fingerprint(s).

106. Plaintiff was enrolled in Defendant's biometric timekeeping device when she first started working for Defendant.

107. Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's fingerprint(s) and personal identifying information based on her fingerprint without first informing Plaintiff in writing that Defendant was doing so.

108. Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's fingerprint and personal identifying information based on her fingerprint without first informing Plaintiff in writing of the purpose of Defendant doing so and the length of time Defendant would store and use Plaintiff's biometric identifiers and/or biometric information.

109. Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's fingerprint(s) and personal identifying information based on her fingerprint without first obtaining Plaintiff's written consent or other release authorizing Defendant to capture or collect Plaintiff's biometric identifiers and/or biometric information.

110. Unlike other Illinois companies, Defendant failed to take notice and follow the requirements of the Biometric Information Privacy Act even though the law was enacted in 2008 and numerous articles and court filings about the law's requirements were published before Defendant committed the legal violations alleged in this Complaint.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant as follows:

A. Awarding liquidated or actual monetary damages, whichever is higher, to Plaintiff for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B. Awarding Plaintiff's reasonable attorneys' fees and costs in filing and prosecuting this matter as provided by 740 ILCS 14/20(3); and

C. Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all questions of fact raised by this Complaint, including the FLSA claims.

Dated: April 9, 2021                              Respectfully submitted,

**ANA AVILA**

By: /s/    Thalia Pacheco
One of Plaintiff's Attorneys

**TRIAL BY JURY DEMANDED**

David J. Fish
John Kunze
Thalia Pacheco
THE FISH LAW FIRM, P.C.
200 East 5th Avenue, Suite 123
Naperville, Illinois 60563
(630) 355-7590
dfish@fishlawfirm.com
kunze@fishlawfirm.com
tpacheco@fishlawfirm.com
docketing@fishlawfirm.com