# EXHIBIT 2

## JOINT STIPULATION OF SETTLEMENT AND RELEASE AGREEMENT

This Joint Stipulation of Settlement and Release Agreement, including exhibits, (the "Agreement") is entered into by Ana Avila ("Named Plaintiff"), individually and on behalf of the class and collective action members that she seeks to represent (collectively with Named Plaintiff, "Plaintiffs") and Defendant JDD Investment Company ("Defendant" or "JDD") in the matter *Avila v. JDD Investments d/b/a McDonalds*, No. 1:21-cv-01917, (Defendant and the Named Plaintiff, collectively, the "Parties").

## RECITALS

**WHEREAS**, the Named Plaintiff, through counsel, filed a lawsuit in the Northern District of Illinois, *Avila v. JDD Investments d/b/a McDonalds*, No. 1:21-cv-01917, alleging, *inter alia*, violations of the Fair Labor Standards Act and the Illinois Minimum Wage Law ("the Wage Claims");

**WHEREAS,** the Parties participated in extensive arms-length negotiations and reached a settlement of the wage claims on a collective and class basis;

**WHEREAS**, the Parties will seek court approval of the settlement, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, on behalf of herself and others similarly situated, and asserting a parallel overtime claim under Illinois law on behalf of the Named Plaintiff, individually;

**WHEREAS**, Defendant denies all of the allegations made by Named Plaintiff in the Complaint. Nonetheless, without admitting or conceding any liability or damages, Defendant has agreed to a settlement on the terms set forth in this Agreement, to avoid the burden, expense, and uncertainty of litigation;

**WHEREAS,** This Joint Stipulation of Settlement and Release Agreement is intended to alleviate the Court's concerns regarding class and collective settlement approval of the wage claims; and

**NOW, THEREFORE**, in consideration of the mutual promises set forth in this Agreement, as well as the consideration provided, the Parties agree to a full and complete settlement of the Wage Claims asserted in the Complaint on the following terms and conditions.

1. **DEFINITIONS**

    The following definitions shall apply to terms used in this Settlement Agreement.

    a. "Administrative Costs" means all regular and ordinary costs and expenses incurred by the Administrator in the administration of this Settlement, including, but not limited to, all printing, mailing, and other expenses incurred in providing the Notice, all costs related to the preparation and mailing of Settlement

1

      Payments, all fees and charges of the Administrator, all costs incurred in implementing the administration of the Settlement as set forth herein, and any other expenses determined to be an expense reasonably necessary for the administration of this Agreement. The Parties agree to pay Administrative Costs associated with notice and administration of this Agreement from the Settlement Fund as set forth below.

b. "Notice" or "Settlement Notice" means the Legal Notice of Proposed Collective and Class Action Settlement, attached hereto as Exhibit B.

c. "Notice Period" means the time period of 30 days commencing on the date when the Notice is initially sent to Eligible Settlement Class/Collective Members.

d. "Acceptance Period" means that time period of 180 days commencing on the date when Settlement Checks are mailed in which Eligible Settlement Class/Collective Members can cash their settlement checks.

e. "Class Members" means the Named Plaintiff and persons employed as hourly non-exempt employees by Defendant between 4/15/2018 and 12/31/2022, who are identified in the payroll data produced by Defendant to Plaintiffs' Counsel as working at two locations and earning overtime within the same pay period, and who are identified on Exhibit A to this Agreement.

f. "FLSA Collective Members" means the Named Plaintiff and persons employed as hourly non-exempt employees by Defendant between 4/15/2018 and 12/31/2022, who are identified in the payroll data produced by Defendant to Plaintiffs' Counsel as working at two locations and earning overtime within the same pay period and who are identified on Exhibit A to this Agreement, and who return, fax, email or otherwise submit a Claim Form to join the FLSA collective within the Notice Period.

g. "Settlement Class" means all Class Members who do not timely exclude themselves from the Settlement.

h. "Eligible Settlement Class/Collective Members" means the Settlement Class and FLSA Collective Members

i. "Settlement Administrator" or "Administrator" means Simpluris the third-party administrator selected by the Parties that is charged with administering this Agreement, in concert with the Parties and their counsel, including as set forth herein.

j. "Effective Date" means the date on which the settlement embodied by this Settlement Agreement shall become final, and shall be defined as the date when all the following events have occurred:
    i. This Agreement has been executed by the Parties;

    ii. The Court has entered a Preliminary Approval Order;
    iii. Notice has been sent to the Class Members and potential FLSA Collective Members;
    iv. The Court has held a Final Approval Hearing and entered a Final Approval Order; and
    v. The later of the following events: when the period for filing any appeal, writ or other appellate proceeding opposing the Settlement has elapsed without any appeal, writ or other appellate proceeding having been filed; or any appeal, writ or other appellate proceeding opposing the Settlement has been dismissed finally and conclusively with no right to pursue further remedies or relief; or any appeal, writ or other appellate proceeding has upheld in all respects to the Court's final order approving the settlement with no right to pursue further remedies or relief. It is the intention of the Parties that the Settlement shall not become effective until the Court's order approving the Settlement is completely final, and there is no further recourse by an appellant or objector who seeks to contest the Settlement.

**k.** "Preliminary Approval Hearing" means the hearing contemplated by the Parties, at which the Court will grant preliminary approval of the settlement, order the sending of Notice to the Class Members and potential FLSA Collective Members, and make such other rulings as are contemplated by the Settlement.

**l.** "Preliminary Approval Order" refers to the Court's order pursuant to Rule 23 of the Federal Rules of Civil Procedure granting preliminary approval of this Settlement on the terms provided herein or as those terms may be modified by subsequent mutual written agreement of the Parties.

**m.** "Final Approval Hearing" means the hearing contemplated by the Parties, at which the Court will grant final approval of the settlement and make such other final rulings as are contemplated by the Settlement.

**n.** "Final Approval Order" means the Court's order granting final approval of this Settlement Agreement on the terms provided herein, or as those terms may be modified by subsequent mutual agreement of the Parties.

**o.** "Qualified Settlement Fund" or "QSF" means the qualified settlement fund established by the Settlement Administrator into which the Settlement Payments will be made by Defendants.

**p.** "Net Settlement Fund" means the Gross Settlement Amount ($250,000) less approved attorney fees, costs, service award and settlement administration fees.

**q.** Gross Settlement Amount means $250,000 that Defendant has agreed to pay to settle this lawsuit.

**r.** "Class Counsel" or "Plaintiffs' Counsel" means Fish Potter Bolaños, P.C.

3

    **s.** "Defendant's Counsel" means O'Hagan Meyer.

    **t.** "Employer Payroll Taxes" means Defendant's share of all taxes an employer is required to pay arising out of or based upon the payment of wage compensation to Eligible Settlement Class/Collective Members as part of this Settlement, including FICA, FUTA, and SUTA obligations.

    **u.** "Last Known Address" or "Last Known Addresses" means the most recently recorded personal mailing address for an Eligible Settlement Class/Collective Member as shown in Defendant's records and as updated by the Settlement Administrator using the United States Postal Service's National Change of Address List.

    **v.** "Last Known E-mail Address" or "Last Known E-mail Addresses" means the most recently recorded personal e-mail address for a Class Member and potential Collective Member as shown in Defendant's records and as updated by the Settlement.

    **w.** "Litigation" or the "Lawsuit" or the "Action" mean the lawsuit entitled *Avila v. JDD Investments d/b/a McDonalds*, No. 1:21-cv-01917 filed in the United States District Court for the Northern District of Illinois. "Complaint" means the Complaint dated April 9, 2021 that was filed by Named Plaintiff in this Action.

    **x.** "Released Parties" means JDD and all of its current, former, or future affiliated persons and entities, which include, but are not limited to, estates, trusts, trustees, executors, administrators, beneficiaries, landlords, licensees, lessors, lessees, sub-lessees, tenants, franchisees, franchisors, affiliates, joint venturers, partners, limited partners, owners, employees, attorneys, agents, officers, directors, managers, members, shareholders, successors, predecessors, parents, indirect or direct subsidiaries, divisions, management companies, insurers, re-insurers and individuals which Named Plaintiff or any Class Member claims, might claim, or could have claimed to be liable in any court or administrative proceeding.

    **y.** "Plaintiff Releasing Parties" means Plaintiff Ana Avila and her present or past heirs, executors, estates, administrators, assigns, agents, consultants, insurers, reinsurers, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these persons and entities, and anyone claiming by, through or on behalf of them.

    **z.** "Class Member Releasing Parties" means Class Members and their respective present or past heirs, executors, estates, administrators, assigns, agents, consultants, insurers, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these persons and entities, and anyone claiming by, through or on behalf of them.

4

**2. SETTLEMENT TERMS**

**2.1 Settlement Payments**

(A) Defendant agrees to pay the Gross Settlement Amount of $250,000 to fully resolve the Litigation and satisfy all amounts to be paid to Eligible Settlement Class/Collective Members, any Court-approved Service Award to the class representative, the Settlement Administrator's fees and costs, and Plaintiffs' Counsel's attorneys' fees and costs (including Plaintiff's portion of Mediation Fees). Defendant will not be required to pay more than this amount under the terms of this Agreement, with the exception of Employer Payroll Taxes.

(B) Transfer of Funds: Within seven (7) days of the Preliminary Approval Order being entered, Defendant shall deposit $5,000 into the QSF and within seven (7) days of the Effective Date, Defendant shall deposit $245,000 and any additional funds required attributable to Employer Payroll Taxes.

(C) Any portion of the Net Settlement Fund that was apportioned to FLSA damages for potential FLSA collective members who did not opt into the FLSA Collective shall be reapportioned proportionally to those FLSA Collective members that did opt into the Collective. Any remaining Net Settlement Fund proceeds unclaimed by Eligible Settlement Class/Collective Members who do not sign and cash their Settlement Checks during the Acceptance Period shall be reapportioned to those Eligible Settlement Class/Collective Members who did cash their Settlement Checks. Any funds apportioned to any Class Member that opts-out of the Class Settlement shall be reapportioned proportionally to those Class Members that do not opt-out.

**2.2 Settlement Amounts Payable as Attorneys' Fees and Costs**

(A) In their Approval Motion, Plaintiffs' Counsel will ask the Court to approve payment of up to one-third (1/3) of the Gross Settlement Amount ($83,332.50) as an award of attorneys' fees. In addition, Plaintiffs' Counsel shall seek reimbursement of reasonable actual case-related costs and expenses from the Gross Settlement Amount. Costs shall include Plaintiff's portion of Mediation Fees. Defendant shall not object to Plaintiffs' Counsel's application for fees and costs.

(B) Plaintiffs' Counsel reserves the right to appeal any order issued by the Court regarding an award of attorneys' fees and costs if the award falls below that requested. However, in that circumstance the Court shall consider Plaintiffs' Counsel's application for attorney's fees and costs separately from the Court's consideration of whether this Agreement represents a fair and reasonable resolution of a bona fide dispute under the FLSA. The outcome of any proceeding related to Plaintiffs' Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's ruling on the Final Approval Motion. If the Court awards less than the requested amounts and Plaintiffs' Counsel does not appeal that award, or if Plaintiffs' Counsel appeals the award and the result of that appeal is an award of less than the amounts

requested, only the awarded amounts shall be paid to Plaintiffs' Counsel and shall constitute full satisfaction of Defendant's obligation to pay attorney's fees and costs. Any money requested for attorneys' fees or costs that is not approved by the Court, or by an appellate court if there is an appeal, shall become part of the Net Settlement Fund.

**2.3 Service Award to the Named Plaintiff**

(A) In the Preliminary and Final Approval Motion, Plaintiffs' counsel will request the Court award $2,500 from the Gross Settlement Amount to Named Plaintiff Ana Avila ("Service Award") for the services she rendered to Eligible Settlement Class/Collective Members, including as a class representative in the Litigation. Defendant will not oppose the request for a Service Award.

(B) The Service Award and any requirements for obtaining any such payment are separate and apart from, and in addition to, Named Plaintiff Ana Avila's recovery from the Net Settlement Fund as an Eligible Settlement Class/Collective Member. The Court's ruling on the application for a Service Award shall not terminate this Agreement or otherwise affect the Court's ruling on the motions for settlement approval. Any Service Award money not approved by the Court shall become part of the Net Settlement Fund.

**2.4 Settlement Approval Procedure**

(A) <u>**Settlement Process.**</u> The Settlement Agreement requires the occurrence of all of the following events: (a) execution of the Settlement Agreement by the Parties; (b) submission of the Settlement Agreement by the Parties to the Court for preliminary approval; (c) entry of a Preliminary Approval Order by the Court, including Court approval of the method of distribution and the form and content of the Settlement Notice; (d) dissemination of the Settlement Notice as set forth in this Settlement Agreement or as otherwise ordered by the Court; (e) the holding of a Final Approval Hearing, if necessary, and the Court's entry of the Final Approval Order; (f) Defendant funding the QSF as set forth herein; and (g) the Effective Date occurs. The Settlement Agreement will become final and effective only upon: (h) the Court entering the Final Approval Order; and (i) the Effective Date occurring.

(B) <u>**Filing of Preliminary Approval Motion.**</u> Plaintiffs' Counsel shall file with the Court a Motion for Preliminary Approval of Settlement ("Preliminary Approval Motion"). In the Preliminary Approval Motion, Plaintiffs shall request that the Court: (a) grant preliminary approval of this Settlement Agreement; (b) approve the Settlement Notice and the proposed plan for settlement administration described herein; (c) appoint Fish Potter Bolaños, P.C. as counsel for the class and collective for settlement purposes only; (d) appoint Plaintiff Ana Avila class representative for the class and collective for purposes of settlement; (e) approve a service award in the amount of $2,500.00 to Ana Avila; and (c) schedule a tentative date for a Final Approval Hearing. No less than fourteen days before the end of the Notice Period, Plaintiffs' counsel will file a motion for approval of the payment of fees and costs as outlined herein.

(C) **Class/Collective Member Identification**. Within seven (7) calendar days after the Court grants preliminary approval of the Settlement Agreement, Defendant will provide the Settlement Administrator with the names, employee identification numbers, social security numbers, last known mailing addresses, last known phone numbers, and email address (to the extent available) for each of the Class and potential FLSA Collective Members in order for the Settlement Administrator to perform its duties. Upon receiving this information, the Settlement Administrator will run a check of the Class and potential FLSA Collective Members' addresses against those on file with the United States Postal Service's National Change of Address List.

(D) **Settlement Notice.** Within twenty-one (21) calendar days after the Court grants preliminary approval of this Settlement Agreement, the Settlement Administrator shall send the Settlement Notice, as approved by the Court, to the Settlement Class and potential FLSA Collective Members by first class U.S. mail and email. The Settlement Administrator shall promptly resend Settlement Notices returned to the Settlement Administrator as non-delivered.

(E) **Due Diligence and Proof of Mailing Declaration.** The Settlement Administrator shall provide to Counsel for the Parties, for filing with the Court, at least fourteen calendar days prior to the Final Approval Hearing, a declaration by the Settlement Administrator indicating due diligence and proof of mailing with regard to the mailing of the Notice as set forth above and other information as reasonably requested by Plaintiffs' or Defendants' Counsel.

(F) **Settlement Notice Inclusions.** Each Settlement Notice attached as Exhibit B will contain the approximate amount to be paid to the Settlement Class and potential FLSA Collective Member as set forth herein. The Settlement Notice will include instructions as to how a Class Member may submit a Request for Exclusion from this Settlement or object to the Settlement. The Settlement Notice will also include a FLSA Claim Form, attached as Exhibit C to the Agreement, to join the FLSA Collective and instructions as to how a potential Collective Member may submit the Claim Form.

(G) **Class Member Opt-Outs.** Those Class Members who do not want to participate in the Settlement Agreement may opt out following the instructions on the Notice. Within three (3) business days after receiving a request for exclusion, the Settlement Administrator must notify counsel for the Parties via e-mail of the name of the Class Member who submitted the request for exclusion. The Settlement Administrator shall retain the requests for exclusion and the envelopes showing the postmark of the request for exclusion and permit inspection and copying of same by counsel for the Parties at their request. Requests for exclusion shall be disregarded if they are not post-marked on or before the applicable deadline. Class Members who do not submit a timely and valid request for exclusion in the manner described herein shall be deemed bound by this

Settlement Agreement. Any funds attributed to Class Members that opt-out shall be redistributed proportionately to Class Members who did not opt-out.

(H) **Collective Member Opt-Ins.** Those Class Members who want to join the FLSA Collective may opt-in to the Collective by following the directions on the Notice and FLSA Claim Form, and by returning the FLSA Claim Form within sixty (60) days of mailing. Within three (3) business days after receiving a request to join, the Settlement Administrator must notify counsel for the Parties via e-mail of the name of the Collective Member who submitted the claim form to join and shall email the Claim Form to Class Counsel. Class Counsel shall then file each Claim Form with the Court. Persons who do not submit a Claim Form to join shall not be a member of the FLSA Collective and will not have released any FLSA rights. Any funds attributed to Collective Members that did not opt-in shall be redistributed proportionately to Collective Members who have opted-in.

(I) **Abstention of the Parties from Discouraging or Encouraging Participation.** At no time shall any of the Parties or their counsel: (a) discourage any Class Member or potential FLSA Collective Member from participating in the Settlement; or (b) encourage any Class Member to object to the Settlement Agreement or request exclusion from the Settlement Agreement.

(J) **Objections.** To object to the Settlement Agreement or any terms of it, the person making the objection must be a Class Member, must not have timely opted out of the Settlement Agreement, and must send to the Settlement Administrator and file with the Court a written statement of the grounds of objection, signed by the Class Member or his or her attorney, during the Notice Period. Any objection that does not meet the requirements of this paragraph shall not be considered by the Court, unless otherwise ordered by the Court. Class Members who fail to serve timely and proper written objections shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement Agreement. The Parties may file a response to any objections prior to the Final Approval Hearing. Any Class Member filing an objection who intends to appear at the Final Approval Hearing either in person or through counsel, must state in the objection the intention to appear, the purpose of the appearance, and whether the Class Member is represented by counsel.

Defendant has the right to withdraw from the Settlement if ten percent (20%) or more of the Settlement Class timely and validly request to be excluded from the Settlement within ten (10) days after the Settlement Administrator provides the written list reflecting all timely and valid exclusions from the Settlement Class. Upon such withdrawal by the Defendant, this Settlement Agreement will be null and void, the Parties will have no further obligations under it, and the Parties will revert to their prior positions in the Action as if the Settlement had not occurred.

(K) **Declaration of Exclusions and Objections.** No later than seven calendar days after the Notice Period, the Settlement Administrator shall provide the Parties'

8

       counsel with a declaration that includes a complete list of all individuals who have timely requested exclusion from the Settlement Class ("Opt-outs"), and all Class Members who have timely objected to the Settlement (the "Administrator's Declaration").

(L)   **Report on Class Member Responses.** No later than seven calendar days after the Notice Period has ended, the Settlement Administrator shall report to the Parties' counsel the Class Member responses to the Notice, including opt-outs and objections; the number of returned Notices and re-mailed Notices; and any other information requested by Defendant's or Plaintiffs' Counsel.

(M)   **Payments:** Settlement Checks will be mailed to Eligible Settlement Class/Collective Members by the Settlement Administrator within thirty (30) days of the Effective Date. The payments from the Gross Settlement Amount to Plaintiffs' Counsel for any Court-approved attorneys' fees and costs will be wired or mailed to Plaintiffs' Counsel by the Settlement Administrator within fourteen days of the Effective Date. The payment from the Gross Settlement Amount for any Court-approved Service Award shall be mailed to Plaintiff's counsel for Named Plaintiff Ana Avilla by the Settlement Administrator within fourteen days of the Effective Date.

(N)   **Pro Rata Distribution of Net Settlement Fund.** A proportionate share of owed overtime wages and statutory damages for Eligible Settlement Class/Collective Members will be paid from the Net Settlement Fund. ("Pro Rata Distribution") The owed overtime wages and statutory damages for each Eligible Settlement Class/Collective Member were determined by Plaintiffs' Counsel by examining the hours worked and any comp time in lieu of overtime issued from Defendant's records and as outlined below:

(O)

  (1) Each Eligible Settlement Class/Collective Member's potential overtime damages were calculated from Defendant's data. Further, a $50.00 gross floor was created for any Eligible Settlement Class and potential Collective Member who had damages below $50.00. To calculate the Pro Rata Distributions, the sum of each Eligible Settlement Class and potential Collective Member's owed overtime and statutory liquidated damages and penalties were divided by the sum of all Eligible Settlement Class and potential Collective Members' owed damages. The quotient, expressed as a percentage, shall represent each Eligible Settlement Class Member and potential Collective Member's Pro Rata Factor. Each Eligible Settlement Class and potential Collective Member's individual Settlement Check will be their Pro Rata Factor multiplied by the Net Settlement Fund. The estimated Net Settlement Check amount for each Eligible Settlement Class and potential Collective Member is included in Exhibit A, attached. Funds attributed to FLSA liquidated damages shall only be awarded to FLSA Collective Members.

(P) **<u>Tax Characterization of Payments.</u>**

(1) For tax purposes, portions attributed to alleged wage damages, as set forth in Exhibit A, shall be treated as owed wages and portions alleged as non-wage damages (FLSA liquidated damages, IMWL penalty damages) shall be treated as non-wage compensation.

(2) Payments treated as owed wages shall be made net of all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and the employee share of the FICA tax, and shall be reported as earned in the year of payment to the Internal Revenue Service ("IRS") and the payee under the payee's name on an IRS Form W-2. Payments treated as non-wage compensation shall be made without withholding and shall be reported as earned in the year of payment to the IRS and the payee, to the extent required by law, under the payee's name on an IRS Form 1099. The Settlement Administrator shall be responsible for determining the appropriate number of exemptions to be used in calculating payroll tax and withholding, deciding the appropriate tax rate, issuing the Settlement Checks and Service Award, and issuing IRS Form W-2 and Form 1099. Payments of attorneys' fees and costs shall be made without withholding and be reported to the IRS and to the payee under the payee's name and taxpayer identification number, which the payee shall provide for this purpose, on an IRS Form 1099. Any Service Award shall be deemed non-wage compensation in its entirety.

(3) None of the amounts paid to the Named Plaintiff or Eligible Class/Collective Member shall create any credit for, be included in, or otherwise affect the calculation or the accrual of any employee benefits in any plans, programs, agreements or policies sponsored, maintained or contributed to by Defendant, including for purposes of any bonus of any kind.

3. **THE SETTLEMENT ADMINISTRATOR'S DUTIES AND SETTLEMENT TIMELINE**

3.1 Duties of the Settlement Administrator. The Settlement Administrator will be responsible for establishing the QSF account; preparing and mailing the Settlement Notices to Eligible Settlement Class and potential Collective Members; preparing and mailing Settlement Checks; distributing approved Service Awards and attorneys' fees and costs; calculating and paying all appropriate taxes and complying with all applicable tax reporting obligations, including preparing and filing all applicable tax forms; retaining and providing a copy of the Settlement Checks signed by the participating Eligible Settlement Class/Collective Members to Defendant's Counsel; and preparing a report describing all duties performed and claims administration statistics, including opt-in/out rates and other related facts.

3.2 The Parties will have equal access to the Settlement Administrator and all information related to the administration of the Settlement. The Settlement Administrator shall provide such information to counsel for either Party upon request. The Settlement

10

    Administrator will provide regular reports to counsel for the Parties regarding the status of the mailing of the Notices to Eligible Settlement Class Members, the claims administration process, and distribution of the Settlement Checks.

**3.3** Defendant agrees to cooperate with the Settlement Administrator, provide accurate information and assist the Settlement Administrator in locating Eligible Settlement Class/Collective Members. The Parties agree that it is their mutual goal to maximize participation in the Settlement.

**3.4** Within seven days after the Effective Date, Plaintiffs' Counsel shall provide the Settlement Administrator a list with the individual final settlement allocation amounts for each Eligible Settlement Class Member.

**3.5** Within fourteen days of the Effective Date, the Settlement Administrator shall determine the Employer Payroll Taxes for the Settlement Checks to Eligible Settlement Class/Collective Members and shall communicate that amount to Defendant with an explanation of the calculations. In the event of any dispute as to the calculation of employer's share of payroll taxes, the Parties and Settlement Administrator shall meet and confer in good faith in an attempt to resolve the dispute. If the dispute cannot be resolved, it shall be submitted to an agreed upon 3rd party accountant for a final determination at the Defendant's cost. Within fourteen calendar days of the date the Settlement Administrator notifies Defendant of the amount of the Employer Payroll Taxes, or within fourteen calendar days after any dispute related to the amount is finally resolved, Defendant shall make any additional payment to the Settlement Account for payroll taxes as may be necessary. The Settlement Administrator shall thereafter remit and report the applicable portions of the payroll tax payment to the appropriate taxing authorities on a timely basis pursuant to its duties and undertakings. Defendant agrees to reasonably cooperate with the Settlement Administrator to the extent necessary to determine the amount of the payroll tax payment required under this Section. Settlement Checks will be mailed, via First Class United States mail, postage prepaid, to Eligible Settlement Class Members by the Settlement Administrator no later than thirty (30) days after the Effective Date.

**3.6** Settlement Checks issued pursuant to this Agreement shall expire 180 days after they are mailed. After the Acceptance Period expires, the Settlement Administrator will issue a stop payment order on all uncashed or returned checks. In the event an Eligible Settlement Class Member reports a lost or destroyed Settlement Check within the Acceptance Period, the Settlement Administrator shall issue a stop payment order on the original check and issue a new check. In no event shall an Eligible Settlement Class Member be issued a replacement check until any prior check sent to them has been cancelled and only one replacement check will be issued to any Eligible Settlement Class Member, unless the parties mutually agree to send additional replacement check(s).

**3.7** The Settlement Administrator shall take all reasonable steps to obtain the correct address of Eligible Settlement Class Members for whom the Settlement Notice is returned by the United States Postal Service as undeliverable. The Settlement Administrator will notify

Plaintiffs' Counsel and Defendant's Counsel of any mailing sent to any Eligible Settlement Class Member that is returned as undeliverable.

**3.8** Plaintiffs' Counsel and Defendant's Counsel have the right to make inquiries and receive any information from the Settlement Administrator related to the claims administration process. The Settlement Administrator will periodically update Plaintiffs' Counsel and Defendant's Counsel regarding the status of administration.

**3.9** Retention of Settlement Checks. The Settlement Administrator shall on a weekly basis compile and transmit to Defendant's Counsel and Plaintiffs' Counsel statistics on the number of individuals who have signed and cashed Settlement Checks. At the end of the Acceptance Period, the Settlement Administrator shall provide copies of signed and cashed checks to Plaintiffs' Counsel and Defendant's Counsel.

**4.** **RELEASE OF CLAIMS BY CLASS AND FLSA COLLECTIVE**

**4.1** Class Members who do not opt out of the Agreement by filing a timely and valid request for exclusion fully and finally release and discharge Defendant and the Released Parties from any and all claims or demands for unpaid wages (including overtime wages), civil and/or statutory penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, and/or equitable relief alleged in the Lawsuit and all claims that were asserted in the Lawsuit or that are based on or arise out of the facts alleged in any version of the complaints filed in the Lawsuit from the beginning of the Relevant Period through the Effective Date of the Agreement, including the Illinois Minimum Wage Law, any applicable state, county, or local laws, statutes, regulations, ordinances, or wage orders for alleged unpaid overtime wages; or (collectively, the "Released Claims").

In addition, each Member who returns a signed FLSA Claim Form is deemed to have provided consent under the FLSA to join the FLSA Collective and will provide a full and complete release of the Released Parties for the Released Claims, including any and all claims asserted or that could have been asserted based on the allegations in any versions of the complaints filed in the Lawsuit under the Fair Labor Standards Act arising during his or her employment at any time between Relevant time Period, through the Effective Date.

The Release set forth above does not waive or release any claims by Eligible Settlement Class/Collective Members for non-wage related claims, and does not waive or release any claims by Eligible Settlement Class/Collective Members that accrue after 1/1/2023.

**4.2** The Named Plaintiff releases any overtime claim for the time period between from 4/15/2018 and 12/31/2022 against the Defendant and its affiliates, parents, subsidiaries, predecessors, successors, employees and agents, as asserted in this Lawsuit or that could have been so asserted in the Lawsuit under the Fair Labor Standards Act or state wage

and hour law, based on the allegations in the Complaint, that accrued while she worked for Defendant, including claims for liquidated damages and attorneys' fees and costs. Defendant will also enter into a separate release for her non-wage related claims.

**4.3** As of the Effective Date, the Released Parties shall be fully, finally, and completely released, relinquished, acquitted, and forever discharged from any and all Released Claims. However, as described in paragraph 4.1 of this Agreement the Released Parties shall be released from FLSA claims only for those who join the FLSA Collective.

**4.4** As of the Effective Date, and with the approval of the Court, all Releasors (including the Plaintiff Releasing Parties and the Class Member Releasing Parties) hereby fully, finally, and forever release, waive, discharge, surrender, forego, give up, abandon, and cancel any and all Released Claims against the Released Parties. As of the Effective Date, all Releasors will be forever barred and enjoined from prosecuting any action against the Released Parties asserting any and/or all Released Claims. However, the release, waiver, and discharge of FLSA claims shall only apply to those Class Member Releasing Parties who have consented to join the FLSA Collective.

**4.5** As of the Effective Date, the Settlement Agreement and the above-described release of the Released Claims will be binding on, and have res judicata preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Class Members who do not validly and timely exclude themselves from the Settlement, and their respective predecessors, successors, spouses, heirs, executors, administrators, agents and assigns of each of the foregoing, as set forth in the Settlement Agreement, and the Released Parties may file the Settlement Agreement and/or the Final Approval Order in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. However, there shall be no such effect on FLSA claims for Class Members who have not consented to join the FLSA Collective.

**5.** **EFFECT OF THE COURT'S FAILURE TO APPROVE THE AGREEMENT**

If the Court rejects the Settlement and/or this Agreement, fails to approve and enter the Approval Order in substantially the form submitted by the Parties, or fails to enter a final judgment, unless the Parties agree in writing, this Agreement shall be void *ab initio* except as to the provisions expressly stated in this Agreement to survive, and Defendant shall have no obligation to make any payments under the Settlement or this Agreement.

**6.** **PARTIES' AUTHORITY**

The signatories hereto hereby represent that they are fully authorized to enter into this Agreement and to bind the Parties to its terms and conditions.

13

**7. MUTUAL COOPERATION**

The Parties agree to reasonably cooperate with each other and to take all steps necessary and appropriate to obtain the Court's approval of this Agreement and all of its terms and to effectuate the terms of this Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Agreement. The Parties to this Agreement shall use their commercially reasonable efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Agreement and the terms set forth herein. As soon as practicable after execution of this Agreement, Plaintiffs' Counsel shall, with the assistance and cooperation of Defendant and its counsel, take all necessary steps to secure the Court's approval of this Agreement.

**8. NOTICES**

Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after email or mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To Plaintiffs and/or Settlement Class:

M. Nieves Bolaños
John Kunze
Fish Potter Bolaños, P.C.
111 E. Wacker Drive
Suite 2300

Chicago, IL 60601 To Defendant:

Jamie L. Filipovic
Matthew E. Szwajkowski
O'Hagan Meyer LLC
One East Wacker Drive, Suite 3400
Chicago, IL 60601


**9. INTERPRETATION AND ENFORCEMENT/MISCELLANEOUS TERMS**

**9.1** Further Acts. Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

**10.1** Entire Agreement. This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

**10.2** Binding Effect. This Agreement shall be binding upon the Parties and, with respect to Plaintiffs, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

**10.3** Arms' Length Transaction; Materiality of Terms. The Parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

**10.4** Captions. The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**10.5** Construction. The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each Party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

**10.6** Governing Law. This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of Illinois, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

**10.7** Continuing Jurisdiction. The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the Settlement contemplated thereby.

**10.8** Waivers to Be in Writing. No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties, and then only to the extent set forth in such written waiver, modification or amendment with any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**10.9** Counterparts. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same original instrument.

**10.10** Signatures and Transmittal. Any party may execute this Agreement by causing its counsel to sign on the designated signature block below and transmitting that signature

page via facsimile, email or other electronic means to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

**10.11** Signatories. This Agreement is valid and binding if signed by Defendant's authorized representative and Plaintiffs' Counsel.

**WE AGREE TO THESE TERMS.**

Dated: March __, 2024          **JDD Investments**

By: _____
John Dakajos (Mar 21, 2024 12:01 CDT)

Its: _____

03/25/2024 20:10 UTC
Dated: March __, 2024

_Ana Avila_
**ANNA AVILA**

16