IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANA AVILA, on behalf of herself and all other plaintiffs similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | Case No. 2021 CV 01917 |
| v. | ) ) | |
| JDD INVESTMENT COMPANY, d/b/a McDonald's | ) ) | Hon. Sara L. Ellis |
| Defendant. | ) ) ) | |

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

The above-captioned matter (the "Action") having come before the Court on Plaintiff's Unopposed Motion For Final Approval of Class Action Settlement, Attorney's Fees, Costs, and Incentive Awards the terms of which are set forth in the Settlement Agreement between Plaintiffs Ana Avila ("Plaintiff") and JDD Investment Company d/b/a McDonalds ("Defendant") (collectively referred to as the "Parties") having been advised in the premises, and having duly considered the papers and arguments of all interested parties, and having held a Final Approval Hearing on September 3, 2024 hereby orders:

1. Unless defined herein, all capitalized terms in this Order shall have the respective meanings ascribed to the same terms in the Settlement Agreement.

2. This Court has subject-matter jurisdiction to approve the Settlement Agreement, including all attached exhibits, and personal jurisdiction over all Parties to the Action, including all FLSA Collective Members and Illinois Settlement Class Members.

3. On May 15, 2024 this Court preliminarily approved the Settlement Agreement.

4. Notice to the Settlement Class has been provided to the fullest extent reasonably possible in accordance with the Court's Preliminary Approval Order, and the substance of and dissemination program for the Notice, which included direct notice through the U.S. Mail and e-mail where available, which provided the best practicable notice under the circumstances and was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and their rights to object to or exclude themselves from the Settlement Agreement and to appear at the Final Approval Hearing; was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and fulfilled the requirements of Federal Rule of Civil Procedure 23, 29 U.S.C. §216(b) and due process.

5. The Settlement Agreement was the result of arm's-length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues and is supported by the Named Plaintiff and Class Counsel. The Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement. Based upon Workplace Law Partners P.C.'s experience in litigating class actions, including claims under the Fair Labor Standards Act and Illinois Minimum Wage Law, Class Counsel's appointment is confirmed.

6. The Settlement Agreement is fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class in light of complexity, expense, and duration of the litigation and the risks involved in establishing liability and damages in maintaining the class action through trial and appeal.

7. The Settlement consideration constitutes fair value given in exchange for the Released Claims against the Released Parties. The Court finds the consideration to be paid to Settlement Class Members is reasonable, considering the facts and circumstances of the claims

and affirmative defenses available in the Action and potential risks and likelihood of success of alternatively pursing litigation on the merits.

8. No Settlement Class Member has objected to any of the terms of the Settlement Agreement. No Settlement Class Member has excluded themselves from the Settlement.

IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED THAT:

9. The Settlement Agreement is finally approved as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class. The Parties are directed to implement and consummate the Settlement Agreement according to its terms and conditions. The Parties and those Settlement Class Members are bound by the terms and conditions of the Settlement Agreement.

10. For the purpose of settling and resolving this litigation, the Court certifies the Illinois Minimum Wage Law Settlement Class pursuant to Fed. R. Civ. P. 23 defined as those individuals employed by Defendant Releasees during the period of 4/15/2018 through 12/31/2022 (the "Class Period") as non-exempt, hourly-paid workers working at two locations and earning overtime within the same pay period and have damages identified by Class Counsel in Exhibit A of the Settlement Agreement. The FLSA Collective will be defined as those individuals who were employed by Defendant Released Parties during the Class Period as nonexempt, hourly-paid workers working at two locations and earning overtime within the same pay period and have damages identified by Class Counsel in Exhibit A to the Settlement Agreement and who returned Claim Forms to join the FLSA Collective within the Notice period which have been filed with the Court.

11. The Settlement Agreement is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms.

12. Other than as provided in the Settlement Agreement and this Order, the Parties shall bear their own costs and attorneys' fees.

13. Upon the Final Effective Date of the Settlement Agreement, Plaintiff and Settlement Class Members by operation of this Final Judgment shall be fully bound by the release set forth in the Parties' Settlement Agreement and, in accordance therewith, hereby fully, finally and forever release, waive, and discharge any and all Released Claim under the Parties' Settlement Agreement, and are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any Released Claim under the Parties' Settlement Agreement. Those FLSA Collective Members that have joined the FLSA Collective shall be fully bound by the FLSA release, and hereby fully, finally and forever release, waive, and discharge any and all Released Claim under in the Parties' Settlement Agreement, including all claims arising under the FLSA.

14. The Parties may, without further approval from the Court, agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits) that (i) shall be consistent in all material respects with this Final Judgement; and (ii) do not limit the rights of the Settlement Class Members.

15. The Court awards to Class Counsel one-third of the gross settlement fund, $83,332.40, as a fair and reasonable attorneys' fee, which shall include all attorneys' fees associated with the Action. In addition, Class Counsel shall receive reimbursement of costs in the amount of $7,044.55 associated with the Action. These amounts shall be paid out of the Gross Settlement Fund as called for in the Parties' Settlement Agreement.

16. The Court awards to the Named Plaintiff a service award of $2,500 for her time and effort serving the Settlement Class in this Action. This amount shall be paid from the Gross Settlement Fund pursuant to the terms of the Settlement Agreement.

17. The Court approves the payment of the fees and expenses incurred by the Claims Administrator as approved by the Parties. This amount shall be paid from the Gross Settlement Fund pursuant to the terms of the Settlement Agreement.

18. The Court further adjudges that, upon entry of this Order, the Settlement Agreement and the above-described release of the Released Claims will be binding on, and have res judicata preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of the Named Plaintiff and all other Settlement Class Members who did not validly and timely exclude themselves from the Settlement, and their respective predecessors, successors, affiliates, spouses, heirs, executors, administrators, agents and assigns of each of the foregoing, as set forth in the Settlement Agreement. The Released Parties may file the Settlement Agreement and/or this Final Approval Order in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

19. In accordance with the Settlement Agreement, nothing relating to this Final Approval Order, or any communications, papers, or orders related to the Settlement, shall be cited to as, construed to be, admissible as, or deemed an admission by Defendants or any other Released Parties of any liability, culpability, negligence, misconduct or other wrongdoing toward the Named Plaintiffs, FLSA Collective, Class Members or other Released Parties, or as to any other person, or that class action certification is appropriate in this Action or any other case. There has been no

determination by the Court as to the merits of the claims asserted by Named Plaintiffs against Defendants or as to whether a class should be certified, other than for settlement purposes only.

20. Without affecting the finality of this Final Judgment for purposes of appeal, the Court retains jurisdiction as to all matters related to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Final Judgment, and or any other necessary purpose until this matter is converted to a dismissal with prejudice described below.

21. Pursuant to the Settlement Agreement, funds attributed to uncashed settlement awards after the check void date shall be reallocated to Class Members that have cashed their settlement check payments.

22. This Action is dismissed without prejudice to convert to a dismissal with prejudice 30 days after the entry of this order.

**IT IS SO ORDERED**.

ENTERED:___9/4/2024_____

JUDGE:_____